[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On August 9, 1994, the plaintiff, Russell E. Fox, filed a single count complaint against the defendant, the State of Connecticut, alleging that on May 16, 1990, the plaintiff was injured in an accident when a state employee, one Joseph A. Cushing, while driving a state motor vehicle negligently collided with him. Previously in 1992, the plaintiff had brought suit against Mr. Cushing which was terminated on December 3, 1993, when the court, Sheldon, Jr., granted the defendant's motion for summary judgment based on General Statutes § 4-165.
The plaintiff filed the present action against the defendant, the State of Connecticut, under General Statutes § 52-556
which states that "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." On March 8, 1995, the defendant filed this motion for summary judgment on the ground that the action is time-barred by the statute of limitations and on the further ground that General Statutes §52-593 is not applicable as that statute does not specifically waive the state's sovereign immunity.
The underlying accident occurred on May 16, 1990. The plaintiff filed the present action on August 1, 1994. General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." It is clear that the present action would be time-barred if General Statutes § 52-593 does not apply. CT Page 13141
The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication. Struckman v. Burns, 205 Conn. 542, 558 (1987). Once involved in an action, the state enjoys the same status as any other litigant and is to be treated procedurally just like any other litigant." Lacasse v. Burns, 214 Conn. 464, 469 (1990). General Statutes § 52-593 provides in relevant part that "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action."
We conclude that General Statutes § 52-556 expressly waives the state's sovereign immunity and that General Statutes § 52-593 applies to the state defendants in this case and, therefore, the statute of limitations does not bar the plaintiff's new action.
Defendant's motion for summary judgment is denied.
Wagner, J.